IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHARLES EMANUEL LATHAM, # 92595**                                                          **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 3:13cv87-DPJ-FKB**

**HAILEY BARBOUR, PHIL BRYANT,
PRESIDENT BARACK OBAMA,
MICHELLE OBAMA, ERIC HOLDER, and
CAPTAIN SANDRA WHITTINGTON**                                                          **DEFENDANTS**

## ORDER OF DISMISSAL

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Charles Emanuel Latham is incarcerated with the Mississippi Department of Corrections ("MDOC"). He filed this action challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

**I.    Background**

According to the pleadings, Latham is serving a 2006 sentence for aggravated assault. On February 11, 2013, he filed the instant Complaint against former Governor Haley Barbour and present Governor Phil Bryant. Latham alleges they are "standing against [his] religion. 'Hoax,' Scand[a]l Act. . . . Establishment of Religion." Pl.'s Resp. [10] at 2-3. He does not provide any further factual development, except to allege that he is Muslim. In fact, the Complaint just lists causes of action against these two: "deprived of life, liberty or property, cruel and unusual punishment inflicted, violation of religion rights. Also religious effects deprived. Also private property taken for public use. Involved by person invasion. Overall involvement, General Provision Governing Discovery." Compl. [1] at 4. When the Court ordered Latham to specify how Barbour and Bryant violated Latham's various rights, he merely replied that they are

standing against his religion and that he is "being deprived (were and is) my harmony form, confederation effect, of my religion." Pl.'s Resp. [10] at 4.

Latham amended his Complaint to add President Barack Obama, first lady Michelle Obama, Attorney General Eric Holder, and Captain Sandra Whittington of the United States Air Force as Defendants. Latham accuses them of "private property for public use by means of hoax, scand[a]l, Establishment of Religion." *Id.* at 6-7. He does not provide any further allegations against them.

## II. Discussion

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Latham to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

"An IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts . . . is a prime candidate for dismissal under § 1915(d)." *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). The Court is nevertheless authorized to "dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.*

Despite being given the opportunity to elaborate, Latham's pleadings consist of bare lists of causes of action. All he accuses Barbour and Bryant of doing is "standing against" Latham's Muslim religion. He does not describe how they did so. The most the Court can glean is that he is suing them because they are not Muslim. As for all Defendants, he conclusorily states they took his property for public use. He does not describe what that property was, in what manner it was taken, or whether it was done so under color of law. The Court is provided no information as to any event that led to the filing of this civil action. The case is therefore dismissed for failure to state a claim. *Jackson v. U.S. Prob.*, 452 F. App'x 575, 577 (5th Cir. Dec. 7, 2011).

**III.    Conclusion**

Latham fails to state a claim upon which relief may be granted. The case is dismissed with prejudice, and this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 7th day of June, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE